## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **MYRAN KELLEY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:11-CV-47-BL** |
| **SGT. CARL R. SMITH,** | § | **ECF** |
| *et al.,* | § | |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

### ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS

Myran Kelley, Texas inmate # 1622103, filed suit under 42 U.S.C. § 1983 complaining that Defendants were deliberately indifferent to his serious medical needs (Doc. 2). The case was referred to the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

On May 24, 2011, the court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (Doc. 5). Kelley has given his consent to proceed before the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c) (Doc. 16).

### I. FACTUAL BACKGROUND[1]

Myran Kelley is an inmate confined to the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice ("TDCJ"). From December 27, 2010, through January 30, 2011, Kelley complained to the Defendants that he was constipated and needed medical care. The

---

[1] The facts stated herein are a summary of the factual claims asserted by Plaintiff in his complaint and *Spears* hearing testimony. To the extent that Plaintiff chose to submit other supporting documents to the court, such documents have been utilized in setting forth the facts.

Defendants did not immediately provide him with assistance. Eventually, Kelley was seen by the prison doctor and given medication, which loosened his stool. As a result of his constipation, he suffered stomach pain and some blood was present in his stool.

Kelley seeks an award of compensatory and punitive damages.

## II.  JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

## III.  ANALYSIS

### A.      Deliberate Indifference Claims

Kelley alleges that the Defendants' delay in taking him to the infirmary after he complained about being constipated constitutes deliberate indifference to his serious medical needs. In order to set forth a viable constitutional claim for delayed medical treatment, the Plaintiff must show that

the named Defendants acted with deliberate indifference and substantial harm was occasioned by the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990).  There is nothing in the record indicating Kelley suffered substantial harm as a result of any delay.  To the contrary, Kelley merely complained of stomach pain and that he may have seen some blood in his stool.  He does not claim that the stomach pain he experienced was excruciating or otherwise substantial, nor does he argue that he bled significantly.  For these reasons, the court finds that Kelley's claim of deliberate indifference lacks an arguable basis in law or fact, and is therefore **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

## IV.  CONCLUSION

The court finds that Plaintiff has failed to state a cognizable claim against any named Defendant, and all such claims are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly.  This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).  Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed.  *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*.  Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 8th day of September, 2011.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**